UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHANE O'CONNELL and<br>MICHELLE O'CONNELL,<br><br>    Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, U.S. BANK, N.A., U.S. BANK, N.A.,<br>as TRUSTEE, and WELLS FARGO BANK, N.A.,<br><br>    Defendants. | Civil Action No. 13-40058-TSH |

**ORDER**
June 28, 2013

HILLMAN, District Judge.

### *Introduction*

This is an action arising out of foreclosure proceedings that were originally instituted in the Massachusetts Housing Court Department (Worcester Division). Before the Court is Defendants' Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted (Docket No. 7). This motion remains unopposed. Accordingly, for the reasons set forth below, Defendants' motion is hereby GRANTED.

### *Background*

Shane and Michelle O'Connell ("Plaintiffs") purchased a home at 43 King Street, Uxbridge, Massachusetts on March 30, 2006 with a $383,920 loan. Compl. ¶¶ 8, 10-11. Plaintiff's loan was secured by granting a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for lender Mortgage Lenders Network, USA, Inc. which

was recorded on March 29, 2006. *Id.* ¶¶ 10-11. MERS assigned the mortgage to U.S. Bank, N.A. ("U.S. Bank") on April 10, 2010. *Id.* ¶ 13. Plaintiffs' home was eventually foreclosed by U.S. Bank on November 28, 2011. *Id.* ¶¶ 17, 62. After months of litigation and with the assistance of counsel, Plaintiffs signed an Agreement for Judgment that was approved by the Honorable Diana H. Horan in the Housing Court Department on November 8, 2012. Def.'s Mem. Supp. Mot. Dismiss Ex. E (Docket No. 8-5). Therein, U.S. Bank agreed to allow Plaintiffs to occupy the property for several months thereafter in exchange for Plaintiffs agreeing to remit occupancy fees, dismiss their claims, and vacate the property by February 8, 2013. *Id.*

## *Analysis*

The Court has reviewed Plaintiffs' allegations in light of the Agreement for Judgment they signed with the aid of counsel. When deciding a typical motion to dismiss for failure to state a claim, courts may only consult evidence "alleged in the complaint and exhibits attached thereto," otherwise the motion should be converted into a Rule 56 motion for summary judgment. *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013).  A "narrow" exception to this general rule, however, is the ability for courts to review "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). While the Agreement for Judgment was neither attached to nor explicitly referenced in the Complaint, the Court relies on this evidence because it is an official public document. For that reason, the Court refrains from converting this action into a motion for summary judgment and analyzes this motion under standard Rule 12(b)(6) rubrics.

Here, after drawing all factual inferences in their favor, I am compelled to find that Plaintiffs' action is barred because the three essential elements of the doctrine of claim

preclusion have been met. *See Goldstein v. Galvin*, No. 12-2184, 2013 WL 2466861, at *3 (1st

Cir. June 10, 2013); *Breneman v. U.S. ex rel. F.A.A.*, 381 F.3d 33, 38 (1st Cir. 2004) (noting the

elements of claim preclusion are: "(1) a final judgment on the merits in an earlier proceeding, (2)

sufficient identicality between the causes of action asserted in the earlier and later suits, and (3)

sufficient identicality between the parties in the two actions") (internal citations omitted). First,

the parties from the present and prior actions are sufficiently identical because U.S. Bank was a

litigant in both proceedings. Second, the claims in the present and prior actions are sufficiently

identical because they arise from the same transactions and occurrences in the foreclosure

proceedings. Finally, the signed Agreement for Judgment constitutes a valid and final judgment

and deserves full faith and credit in this Court. *See* 28 U.S.C. § 1738. Because claim preclusion

is dispositive on this Motion, there is no need to analyze Plaintiff's allegations further.

### *Conclusion*

Accordingly, for the above stated reasons, Defendants' Rule 12(b)(6) Motion to Dismiss

is hereby GRANTED.


It is so ORDERED.


/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE